UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENARD SHEYLETH BERNARDEZ MELENDEZ,

                Plaintiff,

-against-

MOKBAR LLC, MOKBAR II, LLC, and ESTHER CHOI, *individually*,

                Defendants.

Case No. 1:19-cv-06984 (RA)

SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and between Plaintiff Lenard Sheyleth Bernardez Melendez ("Plaintiff") and Defendants Mokbar LLC, Mokbar II, LLC, and Esther Choi (collectively, "Defendants").

**WHEREAS,** Plaintiff is named in the action captioned *Lenard Sheyleth Bernardez Melendez v. Mokbar LLC, Mokbar II, LLC, and Esther Choi*, presently pending before the United States District Court for the Southern District of New York, Civil Action No. 19-cv-06984 (RA) (the "Complaint");

**WHEREAS,** Plaintiff has asserted claims under the Fair Labor Standards Act, the New York State Labor Law, and the New York City Human Rights Law seeking unpaid wages, overtime wages, liquidated damages, equitable relief, and reasonable attorneys' fees and costs (the "Plaintiff's Claims");

**WHEREAS,** Defendants deny that they violated any laws and/or regulations, including those cited in the Litigation, or that they may be held liable for the Claims;

**WHEREAS,** without any person or entity admitting or conceding liability or damages in any manner whatsoever, Plaintiff and Defendants (collectively, the "Parties") have agreed to settle all Claims that have been or could have been asserted by Plaintiff against Defendants on the terms and conditions set forth in this Agreement to avoid the burden, expense and uncertainty of continuing the Litigation;

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth in this Agreement, the Parties hereto agree to a full and complete settlement of the Claims on the following terms and conditions:

    1.    Settlement Amount. In exchange for the promises contained in this Agreement, Defendants, in accordance with the terms herein, shall pay to Plaintiff a total settlement amount of Fifteen Thousand Dollars ($15,000.00) ("Settlement Amount"). The Settlement Amount shall be paid as follows:

(a) Within ten (10) days of the Court's approval of this Agreement as fair and reasonable, and dismissal of the Action with prejudice, Defendants will pay to Plaintiff a sum of Four Thousand Dollars ($4,000.00) ("Initial Payment").

(b) Commencing thirty (30) days after the delivery of the Initial Payment to Plaintiff, Defendants pay Plaintiff Eleven Thousand Dollars ($11,000.00), reflecting the remaining portion of the Settlement Amount, in equal and consecutive monthly installments made every thirty (30) days, each payment being in the amount of One Thousand Three Hundred and Seventy Five Dollars ($1,375.00).

The Settlement Amount shall be paid to Plaintiff in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiff's claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory damages, statutory damages, injunctive relief, attorneys' fees, expenses and costs.

2. <u>Terms of Payment</u>. Plaintiffs shall be solely responsible for payment of any and all taxes due on the settlement payment received, and shall indemnify and hold harmless Defendants from any and all tax liabilities that may accrue on the settlement payment. The payments set forth in Paragraph 1 shall be made payable to: **Lenard Sheyleth Bernardez Melendez** and shall be transmitted directly to Plaintiff by direct deposit to Plaintiff's bank account or by certified or other post requiring signature confirmation. Plaintiff's counsel will provide Defendants' counsel with Plaintiff's account information or personal address upon execution of this agreement.

At the time each payment is posted, Defendants will also notify Plaintiff's counsel by email at dacron@lsnyc.org or regular mail at:

Denise Acron
Manhattan Legal Services
40 Worth Street, Ste. 606
New York, NY 10013

3. <u>Default and Liquidated Damages</u>. In the event that Defendants fail to make payments in a timely manner pursuant to Paragraph 1 of this Agreement, Plaintiffs shall provide notice of the default via email to counsel for Defendants: Lee N. Jacobs, Esq. Helbraun & Levey, LLP, 110 William Street, Suite 1410, New York, New York 10038, lee@helbraunlevey.com. Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default. In the event the default is not cured within such time, Plaintiff shall be entitled to seek a judgment against Defendants in this court in the amount of any outstanding balance of the Settlement Amount plus a 10% penalty on such outstanding amount, in addition to any fees and expenses associated with such action.

4. <u>Release and Covenant Not To Sue</u>. Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants, not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries,

directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "Claim" or "Claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

5. **No Admission of Wrongdoing.** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. **Dismissal of the Litigation.** Plaintiff shall file with the Court in this litigation along with the executed Settlement Agreement for approval, a Notice of Voluntary Dismissal with Prejudice. In the event that additional documentation is needed to terminate the Action, Plaintiff shall execute and submit all documents required to terminate such proceedings.

7. **Modification of the Agreement.** This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

8. **Acknowledgment.** Plaintiff acknowledges that they have been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

9. **Governing Law.** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. **Enforceability.** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. **Release Notification.** Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledge that they have consulted with Legal Services NYC and Manhattan Legal Services. Plaintiff acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff confirms they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. **Counterparts.** To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

13. **Retention of Jursidiction.** This Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Settlement and Release Agreement.

**SO ORDERED** on this ___ day of _____ 2019

_____
The Honorable Ronnie Abrams
UNITED STATES DISTRICT COURT JUDGE

[Remainder of Page Intentionally Left Blank]

**WHEREFORE**, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
Lenard Sheyleth Bernardez Melendez

MOKBAR LLC

By: _____

MOKBAR II, LLC

By: _____

By: _____
Esther Choi