

February 10, 2020

**VIA ECF**
The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007
(212) 805-0284

      Re: *Bernardez Melendez v. Mokbar LLC. et al*, 19-cv-6984 (RA)

Dear Judge Abrams:

      This firm represents Plaintiff Lenard Sheyleth Bernardez Melendez ("Plaintiff" or "Ms. Bernardez") in the above-referenced matter. On behalf of Plaintiff, we write jointly with Defendants Mokbar II, LLC, Mokbar LLC, and Esther Choi (collectively "Defendants") to request that the Court approve the settlement agreement reached by the parties and filed on ECF on February 3, 2020 as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The settlement agreement is also attached to this letter as **Exhibit A** for Your Honor's ease of reference.

## Factual Background

      The parties and their counsel agree that it is in the best interest of the parties to settle and dismiss Plaintiff's claims with prejudice against these Defendants in exchange for consideration as set forth in the settlement agreement. The parties further agree that the terms of the settlement agreement are fair and reasonable. The settlement agreement represents the result of arm's-length bargaining between the parties, in which each party was represented by counsel. For these reasons and based on the reasons set forth below, the parties respectfully request that the Court enter an Order approving the settlement agreement.

      Plaintiff was employed by Defendants from August 2017 until September 2018, at which time she was terminated. During this period she alleges she worked an average of forty-six (46) hours per week, for which she was paid a straight hourly wage of first $10.00 and later $11.00. In July of 2019, Plaintiff, through counsel, filed the instant action alleging violations of the seeking to recover unpaid minimum wages, overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"),

Legal Services NYC  |  40 Worth Street, Suite 606, New York, NY 10013
Phone: 646-442-3600  |  Fax: 646-442-3601  |  www.LegalServicesNYC.org
Raun J. Rasmussen, Executive Director  |  Susan J. Kohlmann, Board Chair



N.Y. Lab. Law §§ 650 et seq., N.Y. Lab. Law §§ 190 *et seq.*, and the New York City Human Rights Law.

Defendants dispute Plaintiff's allegations and admit no liability in this matter. However, after extensive discussions with counsel, both parties have agreed to avoid the expense and delay of further litigation and to settle this matter.

### **Terms of the Agreement**

The parties have agreed to settle this action for the total sum of fifteen thousand dollars ($15,000), which will be paid as outlined in **Exhibit A**. Plaintiff estimates that if she prevailed on all her claims at trial, she would be entitled to at least $30,000, including $7,300 in unpaid wages and $5,700 in back wages. The entire $15,000 agreed to in the settlement will go to Plaintiff. Plaintiff's counsel has agreed to waive any attorneys' fees to which they may have been entitled.

The parties have further agreed that Plaintiff shall be entitled to seek liquidated damages in the event of Defendants' substantial breach of the settlement agreement and failure to timely cure. There is no confidentiality provision in this agreement. Additionally, this Court will retain jurisdiction over this matter solely for the purpose of enforcing this agreement.

### **The Agreement is Fair and Reasonable**

The factors the Court should consider in assessing the reasonableness of a FLSA settlement agreement include:

> the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky*¸ 900 F. Supp. 2d at 335-36 (internal quotations omitted). Here, each factor weighs in favor of the Court's approving the settlement agreement. The Plaintiff estimates her recovery could exceed $30,000 in court, including unpaid wages, back wages, and liquidated damages under FLSA and the New York Labor Law, and other damages under the City Human Rights Law. Of that, Plaintiff alleges $13,000 would represent wage claims exclusively. Defendants dispute this amount, and the parties have exchanged records they believe support their claims.

Taking into consideration the time and expense required for each party to prove their claims or defenses and Plaintiff's estimated recovery of $30,000, an agreement for Defendants to pay $15,000 in consideration for dismissal of all of Plaintiff's claims is reasonable here. Both parties were advised by counsel throughout this matter, and the settlement agreement is the product of arm's-length negotiations between counsel. Furthermore, analysis of reasonableness of attorney's fees is not required here, as Plaintiff's counsel has agreed not to seek any fees.

For the foregoing reasons, the parties respectfully request that the Court approve the settlement agreement. Thank you for your consideration in this matter.

                                                  Respectfully Submitted,

                                                  _____/s/_____
                                                  M. Denise Acron
                                                  Veronica J. Cook
                                                  Legal Services NYC
                                                  40 Worth Street, Suite 606
                                                  Phone: 646-442-3168
                                                  *Counsel for Plaintiff*

Cc:    Lee Jacobs, Esq.
        Helbraun Levey
        110 Williams Street, Suite 1410
        New York, NY 10038
        *Counsel for Defendants*