USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/19/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENARD SHEYLETH BERNARDEZ MELENDEZ,

       Plaintiff,

   v.

MOKBAR LLC, MOKBAR II, LLC, AND ESTHER CHOI,

       Defendants.

No. 19-CV-6984 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

  Plaintiff Lenard Sheyleth Bernardez Melendez brings this action against her former employers, Defendants Mokbar LLC, Mokbar II, LLC, and Esther Choi for alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the New York City Human Rights Law ("NYCHRL").[1] Before the Court is the parties' application for approval of a settlement agreement (the "Settlement Agreement"). *See* Dkt. 29-1.

  The Court, having reviewed the parties' proposed Settlement Agreement and fairness letter, finds that the settlement is fair and reasonable. The proposed Settlement Agreement is the product of "arm's length bargaining between the parties, in which each party was represented by counsel." Fairness Letter, Dkt. 29, at 1. Under the proposed Settlement Agreement, Defendants agree to pay Plaintiff a total of $15,000, and Plaintiff's counsel agrees to waive any attorneys' fees to which they may have been entitled. *See id.* at 2; Settlement Agreement ¶ 1. Plaintiff estimates that, were she to prevail on all of her claims at trial, she would be entitled to

---

[1] Plaintiff's Complaint also includes a claim for alleged violations of the New York State Human Rights Law ("NYSHRL"), *see* Dkt. 1, but the Fairness Letter, Dkt. 29, only references FLSA, the NYLL, and the NYCHRL.

approximately $30,000, which would include $7,300 in unpaid wages and $5,700 in back wages. *See* Fairness Letter at 2. This means that the proposed settlement amount of $15,000 represents 115% of Plaintiff's total wages calculation (including both unpaid wages and back wages), and 50% of Plaintiff's total damages calculation for unpaid wages, back wages, liquidated damages, and other damages under FLSA, the NYLL, and the NYCHRL.

These amounts are fair and reasonable. Although the recovery amount falls short of the maximum amount that Plaintiff asserts she might have recovered at trial, it is significant as a percentage and "in light of the legal and evidentiary challenges that would face the plaintiff[] in the absence of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery). In particular, Plaintiff's counsel reports that "Defendants dispute [the $30,000] amount, and the parties have exchanged records they believe support their claims." *See* Fairness Letter at 2. For those reasons and based on the totality of the circumstances, the Court accepts the parties' settlement amount.

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-05123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No.

15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)). The release provision at issue here is more limited than those routinely rejected. Pursuant to the proposed Settlement Agreement, Plaintiff is only releasing Defendants from claims "relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement." *See* Settlement Agreement ¶ 4. Thus, the Court finds that the release in the proposed Settlement Agreement is fair and reasonable.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 19, 2020
New York, New York

Ronnie Abrams
United States District Judge

3